OPINION OF THE COURT
Jan H. Plumadore, J.
Defendants moved for summary judgment herein and, upon receipt of plaintiffs’ answering papers, permission to file a late answer. Plaintiffs cross-moved for leave to enter a default judgment or summary judgment in the alternative. Plaintiffs’ *150 cross motion for summary judgment will be granted and the others denied.
Defendants are Water Commissioners in name only: (1) when this water district was established in 1936 it did not include authorization for governance by separately elected Water Commissioners; (2) the Comptroller’s office has no record they were so authorized; (3) Town Law § 61 abolished independent commissions, not water districts themselves, in 1932 and its effect was prospective, i.e., it established how such districts would be governed in the future: "[statutes framed in general terms ordinarily apply to cases and subjects within their terms subsequently arising, and, unless plainly indicating the contrary, are to be construed prospectively, especially where substantive rights are involved” (McKinney’s Cons Laws of NY, Book 1, Statutes § 93, at 186).
There has thus never been a duly authorized Water Commission and therefore no one to elect to it. Even assuming defendants’ allegation that they were duly elected* is true it is of no utility: they could have been "duly elected” to the positions) of duke, i.e., been so listed on the ballot and won, as had their predecessors, and have it mean equally as much in terms of actual responsibility for this water district when challenged as here.
The court therefore does not reach the question of whether defendants are entitled to the "procedural due process” of Town Law § 206’s abolition-of-commissioners provisions. Defendants’ offices were never duly authorized or recognized in the first place and were prohibited by statute in the second.
Were it necessary for this court to rule thereon, it would appear that plaintiffs’ observations in these regards are correct, i.e., that section 206 only applies to those few remaining types of districts which are authorized (§61) to employ commissioners: fire districts, joint water supply districts or those (water) in adjoining towns and districts that affirmatively elected to maintain commissioners (see, 59 NY Jur, Towns, § 623).
Finally, it is of no consequence that it was comparatively recently discovered that a portion of the water district lies in an adjoining town. The district was set up and operated as though it were wholly within the Town of Dannemora, its *151 scope and form were never duly changed and this is not the forum in which to seek/assert it.
In light of all of the above, there is and can be no showing of a meritorious defense. There is also no question of material fact which would preclude summary judgment.
Plaintiffs to submit order granting them summary judgment, denying their motion for a default judgment, denying defendants’ motions for summary judgment and for permission to file a late answer.

 A point on which they have submitted no proof, despite plaintiffs’ observation that they must be elected annually (Town Law § 211) if at all.